## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA MARIE DURANT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v.   ) | |
| ) | No. 14-1076-JWL |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) awarding Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act; 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act); beginning on April 1, 2012, but denying benefits before that date.  Finding error in the failure to discuss the lay opinions of Plaintiff's sister, the court ORDERS that the Commissioner's decision shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.     Background**

Plaintiff applied for DIB and SSI, alleging disability beginning June 30, 2010. (R. 25, 126-38). The Commissioner awarded benefits but Plaintiff believed the onset date assessed by the Administrative Law Judge (ALJ) was erroneous, and sought review. She exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision, claiming error in the determination of onset date. Plaintiff claims the determination she was not disabled before April 1, 2012 is not supported by substantial record evidence, that the ALJ failed to consider the third-party opinions of Plaintiff's sister, that the ALJ failed to consider Plaintiff's mental impairment of depression and failed to apply the psychiatric review technique in evaluating that impairment, failed to consider all of the treating source opinions of Dr. Walker, and provided an inadequate credibility determination regarding Plaintiff's allegations of symptoms.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) provides that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the decision does not reveal that the ALJ actually considered the lay opinions of Plaintiff's sister and the court cannot confidently say that no rational fact-finder, having considered those opinions could have decided the issue of the onset date differently.  The court may not provide an advisory opinion regarding the other errors alleged by Plaintiff, but she may make her arguments in that regard to the Commissioner on remand.

## II.     Analysis

The need for remand is relatively easily demonstrated in this case.  Both parties agree that Plaintiff's sister, Jackie Horn, provided two statements regarding the effects of Plaintiff's impairments on Plaintiff's physical and mental abilities, and that the ALJ did

4

not discuss either of those statements in his decision finding that Plaintiff's impairments became disabling on April 1, 2012 but were not disabling before that date. (Pl. Br. 16-20); (Comm'r Br. 14); (Reply 8).

In the Tenth Circuit, an ALJ is not required to make specific, written findings regarding each witness's credibility when the written decision reflects that the ALJ considered that testimony. Blea, 466 F.3d at 914-15; Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996). In Adams, the court "decline[d] claimant's invitation to adopt a rule requiring an ALJ to make specific written findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony." 93 F.3d at 715. The Adams court determined "that the ALJ considered the testimony of claimant's wife in making his decision because he specifically referred to it in his written opinion," and the court found no error in the ALJ's failure to make specific, written findings regarding the testimony. Id. (emphasis added). Thirteen years later, in a published opinion the Tenth Circuit confirmed the rule that an ALJ is not required to make specific written findings of credibility regarding third-party testimony if the written decision reflects that the ALJ considered it. Blea, 466 F.3d at 915. The Blea court noted that, "[h]ere, the ALJ made no mention of Mrs. Blea's testimony, nor did he refer to the substance of her testimony anywhere in the written decision. Thus, it is not at all 'clear that the ALJ considered [Mrs. Blea's] testimony in making his decision.'" Id. (quoting Adams, 93 F.3d at 715).

In relevant part, this case is substantially identical to the Blea case. Here, Plaintiff's sister provided two statements regarding Plaintiff's functional abilities, but as the Commissioner admits, "the ALJ did not explicitly discuss Plaintiff's sister's reports." (Comm'r Br. 14). Moreover, the court does not see any reference in the decision to the substance of those reports. Thus, as in Blea, it is not at all clear that the ALJ considered Ms. Horn's testimony in making his decision. Remand is necessary for that testimony to be appropriately considered.

The Commissioner argues that this case is different because the ALJ "repeatedly stated that he carefully considered the entire record in making his decision and this Court [sic] should take him at his word." (Comm'r Br. 14). She argues that Plaintiff's sister "offered nothing significantly probative in her reports," but that they were "a repetition of Plaintiff's own statements and testimony, which the ALJ reasonably rejected for the reasons discussed above." Id.

It is true that a court's general practice is to take a lower tribunal at its word when it declares that it has considered a matter. Here however, the Blea court's requirement for an explicit discussion or a reference to the substance of a third party statement in the ALJ's decision is a sufficient basis to take this case out of the court's "general practice." Hackett, 395 F.3d at 1172-73 (seeing no reason to depart from the general practice).

Moreover, the court cannot agree with the Commissioner's argument that Ms. Horn's statements offered nothing significantly probative, even if they were a repetition of Plaintiff's own statements. Ms. Horn's two statements were dated November 18, 2010,

and July 1, 2011, respectively. (R. 181, 224). And, a fair reading of those statements reveals that Ms. Horn believed Plaintiff's condition had deteriorated over the intervening time between the statements. (R. 181-88, 224-31). This fact is consistent with the ALJ's general determination that Plaintiff's condition had worsened over time, and had eventually become disabling. But it suggests, contrary to the ALJ's finding, that Plaintiff may have become disabled earlier than the ALJ determined. These statements may be significantly probative in relation to a determination of Plaintiff's onset date, and the fact that the ALJ did not discuss them or refer to their substance in his decision is an indication that he may not have considered them. Remand is necessary to secure that consideration.

Further, contrary to the Commissioner's argument that the ALJ's reasonable rejection of Plaintiff's allegations is a basis to determine that he would reject Ms. Horn's statements also, stand Plaintiff's arguments regarding the ALJ's credibility determination. While the court's review of an ALJ's credibility determination is particularly deferential, the court need not specifically find error in that determination here to note that it is not as secure as the Commissioner seems to argue. Here, the ALJ found that Plaintiff's allegations regarding symptoms "are not credible prior to April 1, 2012" (R. 29) but (impliedly) are credible thereafter. But, the ALJ provided no rationale to explain what changed (either in the circumstances or in Plaintiff's allegations) to establish that Plaintiff's allegations became credible after April 1, 2012. In the circumstances, it is necessary for the ALJ to consider all of the evidence regarding onset, including the

statements of Ms. Horn, and to explain how he considered that evidence and how he decided on an appropriate onset date.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 14th day of April 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**